UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON WILSON,

      Petitioner,

v.                                                    CASE NO. 2:17-CV-12815
                                                    HONORABLE ARTHUR J. TARNOW

J. A. TERRIS,

      Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR A WRIT OF HABEAS CORPUS**

**I. Introduction**

Federal prisoner Vernon Wilson ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentencing enhancement. He seeks a declaration that the enhancement was improper and a remand for re-sentencing.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez*

*v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the habeas petition must be dismissed.

## II. Facts and Procedural History

Petitioner was convicted of four counts of deprivation of rights, 18 U.S.C. § 242, and two counts of making false statements, 18 U.S.C. § 1001, following a jury trial in the United States District Court for the Eastern District of Missouri. He was sentenced to concurrent terms of 120 months imprisonment on each of the § 242 counts and to concurrent terms of 60 months imprisonment on each of the § 1001 counts. In imposing sentence, the court applied a two-level enhancement for physical restraint under U.S.S.G. § 3A1.3 and a five-level enhancement for aggravated assault resulting in serious bodily injury under U.S.S.G. § 2A2.2. *See United States v. Wilson*, 686 F.3d 868, 869-71 (8th Cir. 2012). Petitioner filed an appeal challenging his sentencing enhancements in the

United States Court of Appeals for the Eighth Circuit, which affirmed his sentences. *Id.* at 871-74. The United States Supreme Court denied certiorari. *Wilson v. United States*, 568 U.S. 1103 (2013).

Petitioner then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the Eastern District of Missouri raising eight ineffective assistance of counsel claims, which was denied. *United States v. Wilson*, No. 4:13-CV-02164-AGF, 2015 WL 3416931 (E.D. Mo. May 26, 2015). The Eighth Circuit denied a certificate of appealability. *Wilson v. United States*, No. 15-2952 (8th Cir. Feb. 1, 2016). The Supreme Court denied certiorari. *Wilson v. United States*, _ U.S. _, 137 S. Ct. 232 (2016).

On August 10, 2017, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 and for relief from judgment under Federal Rule of Civil Procedure 60(b) with the Eastern District of Missouri challenging his sentencing enhancement based upon the Eighth Circuit's decision in *United States v. Fields*, 863 F.3d 1012 (8th Cir. July 20, 2017) (ruling that prior Missouri conviction for second-degree assault was not a "crime of violence" under the federal sentencing guideline providing for an increased base offense level). He states that the motion is currently pending. *See* Pet., p. 6.

Petitioner dated the instant habeas petition on August 23, 2017 and it was filed by this Court on August 25, 2017. Petitioner asserts that he is entitled to habeas relief

because he is actually innocent of a five-point sentencing enhancement for aggravated assault based upon *Fields*. Petitioner asserts that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective because *Fields* does not fall within an enumerated exception to the one-year period for filing such a motion and asserts that he is actually innocent of the enhanced sentence.

### III. Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. His habeas claim, however, concerns the validity of his federal sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

Petitioner asserts that he should be allowed to proceed under § 2241 due to timeliness concerns with filing a motion to vacate sentence under § 2255. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. Moreover, § 2255 allows a criminal defendant to seek relief based upon a change in the law and to bring a second or successive motion under limited circumstances.

The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that allowed by § 2255.

*Charles*, 180 F.3d at 758.

Petitioner also asserts that he should be allowed to proceed under § 2241 via the "savings clause" of § 2255 because he is actually innocent of his sentencing enhancement based upon *Fields*. This argument, however, puts the cart before the horse. Petitioner fails to show that his remedy under § 2255 is inadequate or ineffective. Petitioner admits that he has filed a motion to vacate sentence under § 2255 and for relief from judgment under Rule 60(b) with the Eastern District of Missouri, which is currently pending. Given that Petitioner may be allowed to proceed on such a motion, he fails to establish that his remedy under § 2255 is inadequate or ineffective. Moreover, it is generally inappropriate for a federal habeas court to hear a § 2241 case when a petitioner has a § 2255 motion concerning the same issues pending in the sentencing court. *See, e.g. Hunter v. Holland*, No. 6:15-CV-117-KKC, 2015 WL 4397154, *2 (E.D. Ky. July 16, 2015) (citing cases). Petitioner is thus not entitled to proceed under 28 U.S.C. § 2241 at this time. This case must be dismissed.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is challenging the validity of his federal sentence and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His claim is improperly brought under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES**

**WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated: September 11, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 11, 2017, by electronic and/or ordinary mail.

        s/Catherine A. Pickles
        Judicial Assistant