UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON WILSON,

       Petitioner,

v.                                      CASE NO. 2:17-CV-12815
                                      HONORABLE ARTHUR J. TARNOW

J. A. TERRIS,

       Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION, REOPENING THE CASE, AND DISMISSING THE HABEAS PETITION

### I. Introduction

This matter is before the Court on Petitioner's motion for reconsideration concerning the Court's dismissal of his habeas petition challenging his federal sentencing enhancement which was brought pursuant to 28 U.S.C. § 2241. The Court dismissed the petition because Petitioner failed to show that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective and because he stated that he had a (second) § 2255 motion with a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) pending in the United States District Court for the Eastern District of Missouri. Petitioner now seeks reconsideration stating that he does not have any pending motions in that court. Upon further review, the Court finds that the Eastern District of Missouri has resolved Petitioner's motion. *See Wilson v. United*

*States of America*, No. 4:13-CV-02164-AGF (E.D. Mo. Aug. 17, 2017). Accordingly, the Court **GRANTS** Petitioner's motion for reconsideration and **REOPENS** this case for further review. Upon such further review, and for the reasons that follow, the Court finds that Petitioner's case is still subject to dismissal.

## II. Facts and Procedural History

Petitioner was convicted of four counts of deprivation of rights, 18 U.S.C. § 242, and two counts of making false statements, 18 U.S.C. § 1001, following a jury trial in the United States District Court for the Eastern District of Missouri. He was sentenced to concurrent terms of 120 months imprisonment on each of the § 242 counts and to concurrent terms of 60 months imprisonment on each of the § 1001 counts. In imposing sentence, the court applied a two-level enhancement for physical restraint under U.S.S.G. § 3A1.3 and a five-level enhancement for aggravated assault resulting in serious bodily injury under U.S.S.G. § 2A2.2. *See United States v. Wilson*, 686 F.3d 868, 869-71 (8th Cir. 2012). Petitioner filed an appeal challenging his sentencing enhancements in the United States Court of Appeals for the Eighth Circuit, which affirmed his sentences. *Id.* at 871-74. The United States Supreme Court denied certiorari. *Wilson v. United States*, 568 U.S. 1103 (2013).

Petitioner then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the Eastern District of Missouri raising eight ineffective assistance of counsel claims, which was denied. *United States v. Wilson*, No. 4:13-CV-02164-AGF, 2015

WL 3416931 (E.D. Mo. May 26, 2015). The Eighth Circuit denied a certificate of appealability. *Wilson v. United States*, No. 15-2952 (8th Cir. Feb. 1, 2016). The Supreme Court denied certiorari. *Wilson v. United States*, _ U.S. _, 137 S. Ct. 232 (2016).

In August, 2017, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 and for relief from judgment under Federal Rule of Civil Procedure 60(b) with the Eastern District of Missouri challenging his sentencing enhancement based upon the Eighth Circuit's decision in *United States v. Fields*, 863 F.3d 1012 (8th Cir. July 20, 2017) (ruling that prior Missouri conviction for second-degree assault was not a "crime of violence" under the federal sentencing guideline providing for an increased base offense level). The court ruled that the motion was a successive motion to vacate sentence under § 2255 and dismissed the motion for lack of jurisdiction because Petitioner had not obtained appellate authorization to filed a second motion. *Wilson v. United States of America*, No. 4:13-CV-02164-AGF, *1-2 (E.D. Mo. Aug. 17, 2017).

Petitioner thereafter filed his § 2241 federal habeas petition with this Court. He claims that he is entitled to habeas relief because he is actually innocent of the five-point sentencing enhancement for aggravated assault based upon *Fields*. He also asserts that his remedy under § 2255 is inadequate or ineffective because *Fields* does

not fall within an enumerated exception to the one-year period for filing such a motion and that he is actually innocent of the enhanced sentence.

### III. Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. His habeas claim, however, concerns the validity of his federal sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

Petitioner asserts that he should be allowed to proceed under § 2241 due to timeliness concerns with filing a motion to vacate sentence under § 2255. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests

with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. Moreover, § 2255 allows a criminal defendant to seek relief based upon a change in the law and to bring a second or successive motion under limited circumstances.

The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that allowed by § 2255. *Charles*, 180 F.3d at 758.

Petitioner also asserts that he should be allowed to proceed under § 2241 via the "savings clause" of § 2255 because he is actually innocent of his sentencing enhancement based upon *Fields*. Petitioner, however, makes no such showing. In

fact, the federal sentencing court has explicitly found that his sentence was not enhanced based upon his prior conviction. The court has explained:

> The prior conviction was not, in fact, used to enhance his sentence under any statute or the Sentencing Guidelines. His criminal history score was zero, establishing a criminal history category of I. The use of U.S.S.G. § 2A2.2 for the base offense level under § 2H1.1(a)(1) was based on the evidence at trial.

*Wilson v. United States of America*, No. 4:13-CV-02164-AGF, *2 n. 1 (E.D. Mo. Aug. 17, 2017). Consequently, Petitioner cannot establish that he is actually innocent of his sentencing enhancement based upon *Fields*. His § 2241 petition must therefore be dismissed.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is challenging the validity of his federal sentence and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. He also fails to establish that he should be allowed to proceed under the saving clause of § 2255 because he fails to show that he is actually innocent of his sentencing enhancement. His claim is improperly brought under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not

request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: October 13, 2017